REQUESTED BY: John Hilgert, Director
Department of Veterans' Affairs
This letter is written in response to your opinion request letter dated September 13, 2005, in which you requested our legal opinion with respect to the Nebraska Veterans' Aid Fund. In your opinion request letter you indicate that pursuant to Chapter 80 of the Nebraska Statutes (2003; Cum. Supp. 2004),[1] the Department of Veterans' Affairs ("Department") administers the Nebraska Veterans' Aid Fund ("NVA") for veterans experiencing a "temporary unforeseen emergency." You indicate that when a claim for aid is disallowed by the Department, the claimant may request that the Director of the Department reconsider the claim. If the Director denies the claim, the claimant may appeal the Director's decision to the Veterans' Advisory Commission ("Commission").
We note that the hearing process before the Commission has been addressed both in statute and regulation. Neb. Rev. Stat. §80-401.09 provides, in relevant part:
 The commission shall also act as an appeal board, to whom recourse can be had by any individual or post of a recognized veterans organization from any decision made by the Director of Veterans' Affairs or any of his agents or deputies, on a claim for aid from the Nebraska Veterans' Aid Fund. The majority decision of the appeal board shall be final and shall govern in all matters presented to it upon which a hearing is had.
In addition to the statutory provision supra, Title 443, Nebraska Administrative Code, Chapter 1, § 014-024 prescribe the procedures for the hearing before the Commission. The regulations specify, inter alia, that the appellant may appear in person or be represented by legal counsel (§ 016); the appellant has the opportunity to present either oral or written testimony in support of his or her claim, whether or not the testimony has been previously submitted by the Director (§ 018); the Director has the right to rebut or explain any testimony which might be submitted (§ 019); the Commission has the authority to grant continuances to allow either party to present his or her side more completely (§ 020); and "[a]fter affording the parties a fair and reasonable hearing, the Commission shall make its findings, and on the basis thereof, affirm, modify or reverse the decision of the Director" (§ 021).
Specifically, you have requested our opinion on the following two questions:
 • To what extent, if any, should a NVA appeal to the Veterans' Advisory Commission be held in public?
 • Additionally, if it is determined that all or part of the hearing not be held in public, the Department would like specific advice as to who is entitled to be present at said hearings.
Our response to your inquiries is set forth below.
ANALYSIS
Based on our prior discussions with you, we understand that your questions seek a determination as to whether the NVA appeal hearings conducted by the Commission are subject to the Open Meetings Act (the "Act"), Neb. Rev. Stat. §§ 84-1407 through84-1414 (1999; Cum. Supp. 2004). As a result, we will focus our response to both of your questions on that issue. In particular, Section 84-1408 of the Act provides:
 It is hereby declared to be the policy of this state that the formation of public policy is public business and may not be conducted in secret.
Every meeting of a public body shall be open to the public in order that citizens may exercise their democratic privilege of attending and speaking at meetings of public bodies, except as otherwise provided by the Constitution of the State of Nebraska, federal statutes, and the Open Meetings Act.
Under the Act, "public body" is defined as
 (i) governing bodies of all political subdivisions of the State of Nebraska, (ii) governing bodies of all agencies, created by the Constitution of Nebraska, statute, or otherwise pursuant to law, of the executive department of the State of Nebraska, (iii) all independent boards, commissions, bureaus, committees, councils, subunits, or any other bodies created by the Constitution of Nebraska, statute, or otherwise pursuant to law, (iv) all study or advisory committees of the executive department of the State of Nebraska whether having continuing existence or appointed as special committees with limited existence, (v) advisory committees of the bodies referred to in subdivisions (i), (ii), and (iii) of this subdivision, and (vi) instrumentalities exercising essentially public functions.
Neb. Rev. Stat. § 84-1409(1)(a). However, this same statute specifically excepts the following entities from the definition of "public body":
 (b) Public body does not include (i) subcommittees of such bodies unless a quorum of the public body attends a subcommittee meeting or unless such subcommittees are holding hearings, making policy, or taking formal action on behalf of their parent body, (ii) entities conducting judicial proceedings unless a court or other judicial body is exercising rulemaking authority, deliberating, or deciding upon the issuance of administrative orders, and (iii) the Policy Cabinet created in section 81-3009. (Emphasis added.)
We have stated in previous opinions that while the Nebraska public meeting statutes apply to legislative or rulemaking functions of public bodies, it does not apply to entities conducting judicial proceedings unless the court or other judicial body is exercising rule making authority, deliberating, or deciding upon the issuance of administrative orders. See generally 1975-76 Rep. Att'y Gen. 127 (Opinion No. 105, dated July 14, 1975) (hearing before a County Board of Mental Health); Op. Att'y Gen. No. 184 (January 31, 1984) (hearing before the Nebraska Equal Opportunity Commission); Op. Att'y Gen. No. 210 (May 16, 1984) (hearing before a hearing officer appointed by the State Personnel Board); and Op. Att'y Gen. No. 02016 (May 21, 2002) (contested case hearing before the Power Review Board on application of electricity suppliers for construction or acquisition of generation facilities).
We also call your attention to the holding in McQuinn v. Douglas County School District No. 66, 259 Neb. 720,612 N.W.2d 198 (2000). In McQuinn, one of the issues before the court was whether the public meetings statutes applied to a hearing before a school board on the question of the nonrenewal of a probationary certificated teacher's contract. In finding that the public meetings did not apply, the court stated:
 A board exercises a judicial function if it decides a dispute of adjudicative fact or if a statute requires it to act in a judicial manner. "Adjudicative facts" are those ascertained from proof adduced at an evidentiary hearing which relate to a specific party.
Id. at 731, 612 N.W.2d at 206. We believe that the Commission's statutory and regulatory duties with respect to the NVA appeals fall squarely within the parameters of the definition of "judicial function" set forth above. First, using the evidence adduced at the hearing, the Commission must affirm, modify or reverse the decision of the Director. Clearly, the Commission must decide a dispute of adjudicative fact. Second, the express language of § 80-401.09 provides: "The commission shall also act as an appeal board . . . on a claim for aid from the Nebraska Veterans' Aid Fund." We believe that the Commission exercises a judicial function when it hears an appeal from a veteran on a claim for aid from the Nebraska Veterans' Aid Fund. Consequently, since the NVA appeal hearings are judicial proceedings, they are not subject to the provisions of the Open Meetings Act.
 Sincerely, JON BRUNING Attorney General
 Leslie S. Donley Assistant Attorney General
 Approved: _____________________________ Attorney General
[1] Several provisions in Chapter 80 were amended by the enactment of Legislative Bill 54 (Laws 2005).